Hyman, C. J.
A contract was made by the “ Levee Commissioners” - with John McGenty, for him to make a new levee to protect the town of Algiers from the waters of the Mississippi. 77
McGenty began the work under the contract, and was about proceeding to tear down the houses of plaintiffs, with intention of taking possession of the ground on which they stood, for the purpose of continuing the construction of the new levee upon it, when, on application of plaintiffs, an injunction was issued by the District Court restraining him from so doing.
Soon after the issuing of the injunction a motion was made by defendant to dissolve it, upon his furnishing a bond, with security in aCoordance with article 307 of the Code of Practice.
This motion was granted by the Court, but defendant neglected to' give the bond and security, which the decree required to dissolve the injunction. • " -
The Levee Commissioners intervened in the suit, alleging that the State'7 was the real party defendant, represented by them, and moved that the aond and security required of McGenty in order to dissolve the injune-" *432 tion be dispensed with, as the State was the real party in interest, and was not by law required to furnish bond.
The Court sustained the motion, and rendered judgment dispensing •with the bond and security before ordered to be given, and dissolving the injunction.
From this judgment plaintiff has taken a suspensive appeal.
One of the grounds of objection to the motion made by the Commissioners is that the State is not a party to the suit, and that the Commissioners do not represent the State.
. The act of the-Legisla ture confirming and ratifying the Levee Commissioners (which were provisionally appointed by the Governor) and continuing them in their functions, approved February 17th, 1866, did not give them authority to sue for the State.
There is no act giving them such authority, and they cannot, by intervening in a suit, make the State a party thereto.
.It is decreed that the judgment appealed from be annulled, avoided and reversed. It is further decreed that the case be remanded to the lower court to be proceeded with according to law.
The Levee Commissioners to pay costs of appeal,